CLD-028                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3285
_____

IN RE:  JAMES C. PLATTS,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-07-cr-00021-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 6, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 19, 2014)

_____

OPINION*
_____

PER CURIAM

   <u>Pro</u> <u>se</u> petitioner James Platts has filed a petition for a writ of mandamus seeking

the issuance of a subpoena to the Department of the Treasury, purportedly under the

Freedom of Information Act ("FOIA"), demanding the "timely distribution of an

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

identified information CD" from the Internal Revenue Service ("IRS"). We will deny the petition.

Mandamus is an extraordinary remedy. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted). Additionally, mandamus cannot be used as a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Generally, a FOIA request is made to an agency, which then must comply with or deny the request within twenty working days of its receipt of the request. The agency must respond to any appeal filed within twenty working days of its receipt of the appeal. See 5 U.S.C. § 552(a)(6)(A). Although Platts states that the IRS agreed to make available the information requested, he claims that he never received a copy of the CD containing that information at the institution where he is incarcerated. Platts does not indicate whether he requested any additional assistance from the agency in obtaining the CD or whether he sought further review of his request. It does appear, however, that he requested the assistance of the District Court in obtaining the information through the filing of a "motion" in his underlying criminal action.

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). "A writ of mandamus has traditionally been available to a court of appeals only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" See Madden, 102 F.3d at 77 n. 3 (quoting Will v. United States, 389 U.S. 90, 95 (1967)). Platts, however, does not contend that the District Court has unreasonably delayed disposition of his motion, see id. at 79, and, in fact, a review of the District Court docket indicates that his "motion" was denied by an order entered on July 1, 2014. Platts did not seek appellate review of the District Court's determination.

Accordingly, because Platts has not demonstrated that mandamus relief is warranted, we will deny the petition.